1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   RUSSELL J. GLENN, a single man,

                                            NO:  CV-10-382-RMP
8                        Plaintiff,

        v.                                  ORDER GRANTING
9                                           DEFENDANTS' MOTION FOR
                                            PARTIAL SUMMARY JUDGMENT
    HERITAGE REALTY, a Washington
10  limited liability company; MICHAEL
    MULLALLY and MARIAN
11  MULLALLY, husband and wife; A.
    STEPHEN MONSON and NANCY
12  MONSON, husband and wife;
    MONSON-MULLALLY GROUP, a
13  Washington business organization; and
    JOHN DOES 1 – 5, partners and / or
14  joint ventures of MONSON
    MULLALLY GROUP,
15
                         Defendants.
16

17        This action comes before the Court on a partial summary judgment motion

18  by the Defendants, ECF No. 59.  Oral argument was held on November 15, 2011.

19  The Court has reviewed the filings relevant to this motion, the pleading, and the

20  file and is fully informed.

    ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
    JUDGMENT ~ 1

**BACKGROUND**

This case arises from a fire at a duplex in Pullman, Washington.  The Plaintiff, Russell Glenn, was a tenant in the residence.  The Plaintiff alleges that he was injured jumping from a window to escape the fire.  Plaintiff further alleges that the Defendants failed to install or maintain functional smoke detectors which led to Plaintiff's injury and that the Defendants breached their implied warranty of habitability and violated the Washington Residential Landlord Tenant Act by leasing an apartment in a condition that substantially endangered and impaired the safety of tenants.

The Defendants moved for partial summary judgment in the hopes of clarifying the law with regard to three questions: (1) Did the Plaintiff have a duty to maintain smoke alarms during his tenancy under RCW 43.44.110, WAC 212-10-050, and the lease terms; (2) Are International Fire Code ("IFC") (2006) section 907.20.5 and paragraph 10.4.4 of National Fire Protection Association ("NFPA") 72 applicable to the rental duplex in this case; and (3) Is the Plaintiff's expert allowed to testify as to legal conclusions?

**APPLICABLE LAW**

Under Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute about a material

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1   fact is genuine 'if the evidence is such that a reasonable jury could return a verdict

2   for the nonmoving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d

3   509, 514 (9th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

4   248 (1986)).

5          "The moving party initially bears the burden of proving the absence of a

6   genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387

7   (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

8   "Where the non-moving party bears the burden of proof at trial, the moving party

9   need only prove that there is an absence of evidence to support the non-moving

10  party's case." *Id.* (citing *Celotex*, 477 U.S. at 325).  "Where the moving party

11  meets that burden, the burden then shifts to the non-moving party to designate

12  specific facts demonstrating the existence of genuine issues for trial." *Id.* (citing

13  *Celotex*, 477 U.S. at 324).

## DISCUSSION

15         There are three questions at issue in this motion: First, did the Plaintiff have

16  a duty to maintain smoke alarms during his tenancy under RCW 43.44.110, WAC

17  212-10-050, and terms of his lease?  Second, are IFC (2006) section 907.20.5 and

18  paragraph 10.4.4 of NFPA 72 applicable to the rental duplex in this case?  Third, is

19  the Plaintiff's expert allowed to testify as to legal conclusions?

20

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

**Tenant's Duty to Maintain Smoke Alarms**

Under RCW 43.44.110, smoke detection devices must be installed in all dwelling units occupied by persons other than the owner of the unit. RCW 43.44.110(1)(a). The building owner has the duty to install the smoke detection device. RCW 43.44.110(3). The building owner also has a duty during a vacancy in the unit to ensure that the smoke detection device is operational prior to reoccupancy. RCW 43.44.110(3). However, "[m]aintenance of the smoke detection devices, including the replacement of batteries where required for the proper operation of the smoke detection device, shall be the responsibility of the tenant." RCW 43.44.110(3).

The Washington Administrative Code establishes a similar scheme. It provides that builders are responsible for installing smoke detectors in new buildings. WAC 212-10-045(1). It imposes a duty on the owner of each existing building to install smoke detection devices within each dwelling unit occupied by someone other than the owner. WAC 212-10-045(2). The owner also must inspect and test all smoke detectors during a vacancy and make any necessary repairs to ensure operation prior to reoccupancy. WAC 212-10-045(3). Finally, the Washington Administrative code requires a building owner to instruct the occupant on the purpose, operation, and maintenance of the smoke detectors. *Id.* However, "[i]t is the responsibility of the occupant . . . to maintain and test all smoke

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

detection devices installed within the dwelling unit by the owner." WAC 212-10-050.

Taken together, RCW 43.44.110(3) and WAC 212-10-045 to 050, set out a simple scheme whereby a landlord is responsible for installing smoke alarms and ensuring that those smoke alarms work between tenancies, but the tenant is responsible for maintaining the smoke detector during the tenancy. The Plaintiff agrees that it is typically the duty of the tenant to maintain smoke detectors during a tenancy. However, the Plaintiff argues that a tenant's duty to maintain smoke detectors arises only after the landlord has complied with its duties to install those smoke detectors, ensure their functionality between tenancies, and make legally required disclosures about the nature or purpose of the smoke detectors. The Plaintiff argues that such a conclusion is compelled by the reality that a tenant cannot maintain a smoke detector that does not exist, cannot maintain in working order a detector that does not work, and cannot maintain a smoke detector when the tenant does not have instruction on how to accomplish that maintenance.

The duty allocation between tenant and landlord is made by statute and regulation. Nothing in RCW 43.44.110(3) or WAC 212.10.050 conditions the tenant's duty to maintain the smoke alarms on the landlord's successful satisfaction its own duties. While the Court recognizes the practical impact of a landlord's failure to install functional smoke detectors, the Court concludes that any questions

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

about the ability of the tenant to meet his or her duty to maintain smoke alarms where a landlord fails to meet one or more of his or her duties can be resolved by a finder of fact applying the principles of causation and comparative fault to any verdict. *See e.g.* RCW 4.22.070. Accordingly, the Court concludes that whether the Defendants complied with their smoke detector related duties or not, the Plaintiff had a duty to maintain any smoke detection devices in the condition they were in at the start of his tenancy.

**Applicability of International Fire Code (2006) Section 907.20.5 and Paragraph 10.4.4 of National Fire Protection Association 72**

Washington State has adopted the IFC and any NFPA standards referenced in the IFC. RCW 19.27.031(3). However, when adopting the IFC and related NFPA provisions, the Washington Legislature stated that their adoption did not affect the provisions of chapter 48.48 RCW. RCW 19.27.080. After the adoption of the IFC and related NFPA provisions, chapter 48.48 RCW was recodified as chapter 43.44 RCW. In short, the IFC and related NFPA sections carry the force of law only to the extent that they do not conflict with the requirements of chapter 43.44 RCW.

RCW 43.44.110(3) states in pertinent part that "[m]aintenance of smoke detection devices, including the replacement of batteries where required for the proper operation of the smoke detection device, shall be the responsibility of the

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1    tenant, who shall maintain the device as specified by the manufacturer." RCW

2    43.44.110(3). Use of "the" in RCW 43.44.110(3) combined with the fact that

3    RCW 43.44.110(3) imposes different duties on the building's owner, causes this

4    Court to conclude that RCW 43.44.110(3) imposes an exclusive duty on the tenant

5    to maintain smoke alarms during his or her tenancy.

6        Section 907.20.5 of the IFC reads:

7        **Maintenance, inspection and testing.** The building owner shall be
         responsible for ensuring that the fire and life safety systems are
8        maintained in an operable condition at all times. Service personnel
         shall meet the qualification requirements of NFPA 72 for maintaining,
9        inspecting, and testing such systems. A written record shall be
         maintained and shall be made available to the fire code official.

10

11        The effect of this provision is to place a duty on the building owner to

12    maintain "fire and life safety systems." To the degree that this provision imposes a

13    duty on a landlord to maintain smoke alarms during a tenancy, it is in conflict with

14    RCW 43.44.110(3). In light of the conflict, section 907.20.5 cannot be interpreted

15    to impose a duty on a building owner to maintain smoke alarms during a

16    residential tenancy.

17        Paragraph 10.4.4 of the NFPA 72 reads:

18        **Single- and Multiple-Station Smoke Alarms.** Homeowners shall
         inspect and test smoke alarms and all connected appliances in
19        accordance with the manufacturer's instructions at least monthly.

20

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 7

As an initial matter, nothing in the terms of 10.4.4 suggests that it applies in the residential landlord / tenant context. Second, if 10.4.4 did apply, it would conflict with RCW 43.44.110(3) and would be given no effect under RCW 19.27.080.

In light of their conflicts with RCW 43.44.110(3), neither section 907.20.5 of the IFC nor 10.4.4 of the NFPA 72 imposes a duty on a building owner to maintain smoke alarms during a tenancy.

**Expert Testimony**

The Defendants seek to exclude testimony by Plaintiff's expert, Dr. Vytenis Babrauskas, Ph.D. At oral argument, it became clear that the Defendants did not seek to prevent Dr. Babrauskas from testifying about the law generally or referencing the law at all. Instead, the primary concern for Defendants was that Dr. Babrauskas' testimony would include incorrect statements of the law that could confuse and mislead the jury. The Plaintiff agreed that Dr. Babrauskas will not testify to legal conclusions that are in conflict with this Court's rulings as to the correct law to be applied.

A district court has discretion to exclude expert opinion that constitutes a legal conclusion. *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (citing *Nationwide Transp. Fin. V. Cass Info. Sys.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008)). As this case involves multiple sources of code, including the Revised

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

Code of Washington, the Washington Administrative Code, and the International

Fire Code, the Court is mindful that expert testimony navigating the various code

requirements could be helpful to the finder of fact.  Therefore, the Court will allow

the parties' experts to refer to the law.  However, any statement that constitutes a

legal conclusion will be excluded, consistent with this Court's rulings on the

correct law to be applied.

Accordingly, **IT IS HEREBY ORDERED:**

**1.**  The Defendants' Motion for Partial Summary Judgment, **ECF No. 59**, is

**GRANTED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 7th of December, 2011.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 9